ERIC L. WESENBERG (SBN 139696)
ewesenberg@orrick.com
ELIZABETH A. HOWARD (SBN 173185)
ehoward@orrick.com
DEBORAH FISHMAN (SBN 197584)
dfishman@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
Telephone:     +1-650-614-7400
Facsimile:      +1-650-614-7401

Attorneys for Defendant,
FLUXION BIOSCIENCES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELLECTRICON AB and GYROS AB,<br><br>Plaintiffs,<br><br>v.<br><br>FLUXION BIOSCIENCES, INC.,<br><br>Defendant. | Case No. 5:09-CV-03150 (RMW)<br><br>**FLUXION BIOSCIENCES, INC'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT; AND**<br><br>**DEMAND FOR A JURY TRIAL.**<br><br>Honorable Ronald M. Whyte<br>United States District Judge |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Fluxion Biosciences, Inc. ("Fluxion") answers the Second Amended Complaint of Plaintiffs Cellectricon AB and Gyros AB ("Plaintiffs"), as follows:

**PARTIES**

1. Fluxion lacks knowledge or information sufficient to form a belief about the truth of this allegation.  On this basis, denied.

2. Fluxion lacks knowledge or information sufficient to form a belief about the truth of this allegation.  On this basis, denied.

3. Fluxion lacks knowledge or information sufficient to form a belief about the truth

1  of this allegation.  On this basis, denied.

2      4.    Fluxion lacks knowledge or information sufficient to form a belief about the truth

3  of this allegation.  On this basis, denied.

4      5.    Admitted.

## JURISDICTION

6      6.    Admitted.

7      7.    Admitted.

8      8.    Admitted.

## INTRADISTRICT ASSIGNMENT

10      9.    Admitted.

## FIRST CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 5,376,252)**

13      10.    Fluxion incorporates by reference its responses to paragraphs 1-9 as though set

14  forth in full herein.

15      11.    Fluxion admits that on its face, U.S. Patent 5,376,252 ("the '252 Patent") is

16  entitled "Microfluidic Structure and Process For Its Manufacture."  Fluxion admits that, on its

17  face, the '252 patent has an issue date of December 27, 1994 and claims priority to a foreign

18  patent application filed May 10, 1990.  Except as expressly so admitted, Fluxion otherwise denies

19  each and every allegation contained in this paragraph.

20      12.    Fluxion denies this allegation as, on its face, the '252 Patent names "Pharmacia

21  Biosensor AB," not either of the Plaintiffs, as an assignee.  Fluxion lacks knowledge or

22  information sufficient to admit or deny the remaining allegations contained in this paragraph and

23  denies them on that basis.

24      13.    Fluxion lacks knowledge or information sufficient to admit or deny the allegations

25  contained in this paragraph and denies on that basis.

26      14.    Fluxion admits that it markets a product on its website under the IonFlux

27  trademark.  Fluxion further admits that it manufactures, sells, offers to sell and/or uses a product

28  under this trademark.  Except as expressly so admitted, Fluxion denies the remaining allegations

contained in this paragraph.

15. Denied.

## SECOND CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,390,650)**

16. Fluxion incorporates by reference its responses to paragraphs 1-15 as though set forth in full herein.

17. Fluxion admits that on its face, U.S. Patent 7,390,650 ("the '650 Patent") is entitled "System and method for obtaining and maintaining high-resistance seals in patch clamp recordings." Fluxion admits that, on its face, the '650 patent has an issue date of June 24, 2008 and claims priority to a US provisional patent application filed August 21, 2002. Except as expressly so admitted, Fluxion otherwise denies each and every allegation contained in this paragraph.

18. Fluxion admits that on its face, the '650 Patent names "Cellectricon AB" as an assignee. Except as expressly so admitted, Fluxion lacks knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and denies on that basis.

19. Fluxion admits that it markets a product on its website under the IonFlux trademark. Fluxion further admits that it manufactures, sells, offers to sell and/or uses a product under this trademark. Except as expressly so admitted, Fluxion denies the remaining allegations contained in this paragraph.

20. Denied.

## THIRD CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,470,518)**

21. Fluxion incorporates by reference its responses to paragraphs 1-20 as though set forth in full herein.

22. Fluxion admits that on its face, U.S. Patent 7,470,518 ("the '518 Patent") is entitled "Systems and method for rapidly changing the solution environment around sensors." Fluxion admits that, on its face, the '518 patent has an issue date of December 30, 2008 and claims priority to a U.S. provisional patent application filed February 12, 2002 and a U.S. utility

1  patent application filed January 15, 2003. Except as expressly so admitted, Fluxion otherwise
2  denies each and every allegation contained in this paragraph.

3      23.    Fluxion admits that on its face, the '518 Patent names "Cellectricon AB" as an
4  assignee. Except as expressly so admitted, Fluxion lacks knowledge or information sufficient to
5  admit or deny the remaining allegations contained in this paragraph and denies on that basis.

6      24.    Fluxion admits that it markets a product on its website under the IonFlux
7  trademark. Fluxion further admits that it manufactures, sells, offers to sell and/or uses a product
8  under this trademark. Except as expressly so admitted, Fluxion denies the remaining allegations
9  contained in this paragraph.

10     25.    Denied.

## FOURTH CLAIM FOR RELIEF

**(Infringement of U.S. Patent No. 7,563,614)**

13     26.    Fluxion incorporates by this reference its responses to paragraphs 1-25 as though
14 set forth in full herein.

15     27.    Fluxion admits that on its face, U.S. Patent 7,563,614 ("the '614 Patent") is
16 entitled "Systems and methods for rapidly changing the solution environment around sensors."
17 Fluxion admits that, on its face, the '614 patent has an issue date of July 21, 2009 and claims
18 priority to a U.S. provisional patent application filed February 12, 2002. Except as expressly so
19 admitted, Fluxion otherwise denies each and every allegation contained in this paragraph.

20     28.    Fluxion admits that on its face, the '614 Patent names "Cellectricon AB" as an
21 assignee. Except as expressly so admitted, Fluxion lacks knowledge or information sufficient to
22 admit or deny the remaining allegations contained in this paragraph and denies on that basis.

23     29.    Fluxion admits that it markets a product on its website under the IonFlux
24 trademark. Fluxion further admits that it manufactures, sells, offers to sell and/or uses a product
25 under this trademark. Except as expressly so admitted, Fluxion denies the remaining allegations
26 contained in this paragraph.

27     30.    Denied.

28 ///

## AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Complaint, Fluxion alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Infringement)

1. Plaintiffs have failed to state a claim for patent infringement under the U.S. Patent laws, including, but not limited to 35 U.S.C. § 271 (b)-(g).

### SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim For Past Damages)

2. Plaintiffs have failed to allege facts sufficient to claim any damages prior to the filing of this action pursuant to the marking and notice provisions of 35 U.S.C. § 287.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim For Enhanced Damages)

3. Plaintiffs have failed to allege facts sufficient to claim treble damages under 35 U.S.C. § 284.

### FOURTH AFFIRMATIVE DEFENSE
### (Invalidity)

4. Fluxion alleges, based upon information and belief, that one or more of the claims of one or more of the patents-in-suit are invalid because they fail to meet the "conditions of patentability" of 35 U.S.C. §§ 101, *et seq*.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Laches, Waiver)

5. Fluxion alleges, based upon information and belief, that Plaintiffs' rights in one or more of the patents-in-suit are barred under the equitable doctrines of estoppel, laches and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

6. Fluxion alleges, based upon information and belief, that Plaintiffs lack standing to

bring a claim to the extent that Plaintiffs are not the owner of all the rights under the patents-in-suit sufficient to bring a claim.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injunction)**

7. The Complaint and each of the claims therein do not entitle Plaintiffs to injunctive relief on the grounds that the facts and circumstances do not warrant injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Noninfringement)**

8. Fluxion has not infringed, contributed to the infringement of, or induced the infringement of the patents-in-suit, and is not liable for infringement thereof either literally or under the doctrine of equivalents.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Party)**

9. Plaintiffs' claims should be dismissed for failure to join a necessary and/or indispensable party.

**TENTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel)**

10. On information and belief, Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of prosecution history estoppel.

**PRAYER FOR RELIEF**

WHEREFORE, Fluxion respectfully request that this Court enter an order:

a) dismissing the claims in the Complaint with prejudice and finding that Plaintiffs take nothing by them;

b) declaring that Fluxion has not infringed the patents-in-suit;

c) declaring that Plaintiffs' patents-in-suit are invalid, void and without force and effect;

d) denying all damages claimed by Plaintiffs;

    e) declaring that this case be deemed exceptional and Fluxion be awarded its costs and expenses of this action including but not limited to its attorneys' fees as provided by 35 U.S.C. § 285, or otherwise;

    f) declaring that Fluxion is the prevailing party and that Fluxion be awarded its costs as provided by Federal Rule of Civil Procedure 54, or otherwise;

    g) granting such other and further relief as this Court may deem just and reasonable.

///

///

///

## FLUXION'S COUNTERCLAIMS

Defendant and Counterclaimant Fluxion Biosciences, Inc. ("Fluxion") hereby asserts its counterclaims pursuant to Federal Rule of Civil Procedure 13 against Plaintiffs and Counterclaim Defendants Cellectricon AB and Gyros AB ("Counterclaim Defendants"), as follows:.

## JURISDICTION AND VENUE

1. These counterclaims arise under the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 2201 (declaratory relief); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (patent jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (d).

## PARTIES

3. Fluxion is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business in South San Francisco, California.

4. As pled in its Complaint, Counterclaim Defendant Cellectricon is organized as an Aktiebolag (i.e., corporation) under the laws of Sweden and has a principal place of business in Göteborg, Sweden.

5. As pled in its Complaint, Counterclaim Defendant Gyros is organized as an Aktiebolag (i.e., corporation) under the laws of Sweden and has a principal place of business in Uppsala, Sweden.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment – Invalidity)

6. Fluxion incorporates the allegations of paragraphs 1-5 of this Counterclaim as if fully set forth in this paragraph.

7. A real and actual controversy within the meaning of 28 U.S.C. § 2201 has arisen and now exists between Fluxion, on one hand, and the Counterclaim Defendants on the other, as evidenced by the Complaint filed by Counterclaim Defendants and Fluxion's Answer and Counterclaims.

8. Specifically, the Counterclaim Defendants have claimed that Fluxion has infringed the Counterclaim Defendants' patent rights.

9. Fluxion denies the Counterclaim Defendants' claims and asserts that one or more claims in one or more of the patents-in-suit are invalid because they fail to meet the "conditions of patentability" of 35 U.S.C. §§ 101, *et seq*.

10. Accordingly, there is a real, actual and justiciable controversy between Fluxion on one hand, and the Counterclaim Defendants on the other concerning the validity of the patents-in-suit and Fluxion's liability thereunder.

11. Fluxion hereby requests a judicial declaration under 28 U.S.C. § 2201 that one or more claims in one or more of the patents-in-suit are invalid.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment - Noninfringement)**

12. Fluxion incorporates the allegations of paragraphs 1-11 of this Counterclaim as if fully set forth in this paragraph.

13. A real and actual controversy within the meaning of 28 U.S.C. § 2201 has arisen and now exists between Fluxion, on one hand, and the Counterclaim Defendants on the other, as evidenced by the Complaint filed by Counterclaim Defendants and Fluxion's Answer and Counterclaims.

14. Specifically, the Counterclaim Defendants have claimed that Fluxion has infringed the Counterclaim Defendants' patent rights.

15. Fluxion denies the Counterclaim Defendants' claims and asserts that Fluxion does not make, use, offer to sell, or sell anything that infringes any claim of any of the patents-in-suit, either literally, or under the doctrine of equivalents.

16. Fluxion further alleges that it is not liable for active inducement of infringement, contributory infringement, or any other basis of infringement set forth in 35 U.S.C. § 271, or otherwise, of any claim of any of the patents-in-suit.

17.     Accordingly, there is a real, actual and justiciable controversy between Fluxion on one hand, and the Counterclaim Defendants on the other concerning the rights of the parties with respect to the patents-in-suit.

18.     Fluxion hereby requests a judicial declaration under 28 U.S.C. § 2201 that Fluxion has not infringed any claim of any of the patents-in-suit, that there is an absence of liability of Fluxion under 35 U.S.C. § 271, or any other provision of the U.S. Patent Law, 35 U.S.C. § 1, *et seq.*, and that Fluxion's conduct has been fully lawful at all times.

## PRAYER FOR RELIEF

WHEREFORE, Fluxion respectfully request that this Court enter an order:

a. declaring that Fluxion has not infringed, contributed to the infringement of, or induced the infringement, or has committed any other act constituting infringement as set forth in 35 U.S.C. § 271, or any other provision of the U.S. Patent Law, 35 U.S.C. § 1, *et seq.*, of any claim in U.S. Patent Nos. 5,376,252, 7,390,650, 7,470,518, or 7,563,614, and that Fluxion is not liable for any such infringement of any of the patents-in-suit under 35 U.S.C. § 271;

b. declaring that the claims of U.S. Patent Nos. 5,376,252, 7,390,650, 7,470,518, or 7,563,614 are invalid;

c. declaring that the Counterclaim Defendants, and those acting on their behalf, are without right or authority to threaten or maintain suit against Fluxion or its customers or its potential customers or users of product sold under the IonFlux trademark, for the alleged infringement of any claim of the patents-in-suit;

d. declaring that the Counterclaim Defendants and their officers, agents, employees, attorneys, and those in active concert with them are preliminarily and permanently enjoined from asserting or threatening to assert against Fluxion or its customers or its potential customers or users of product sold under the IonFlux trademark any charge of infringement of the patents-in-suit;

e. declaring that this case be deemed exceptional and Fluxion be awarded its costs and expenses of this action including but not limited to their attorneys' fees as provided by 35 U.S.C. § 285, or otherwise;

f. declaring that Fluxion is the prevailing party and that Fluxion be awarded its costs as provided by Federal Rule of Civil Procedure 54, or otherwise; and

g. granting such other and further relief as this Court may deem just and reasonable.

Dated: February 5, 2010

ERIC L. WESENBERG
ELIZABETH A. HOWARD
DEBORAH FISHMAN
Orrick, Herrington & Sutcliffe LLP

/s/ Elizabeth A. Howard /s/
ELIZABETH A. HOWARD
Attorneys for Defendant
FLUXION BIOSCIENCES, INC.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fluxion demands a jury trial on all issues.

Dated: February 5, 2010

ERIC L. WESENBERG
ELIZABETH A. HOWARD
DEBORAH FISHMAN
Orrick, Herrington & Sutcliffe LLP

/s/ Elizabeth A. Howard /s/
ELIZABETH A. HOWARD
Attorneys for Defendant
FLUXION BIOSCIENCES, INC.