**E-FILED on** 7/22/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELLECTRICON AB and GYROS AB,<br><br>    Plaintiffs,<br><br>    v.<br><br>FLUXION BIOSCIENCES, INC.,<br><br>    Defendant. | No. C-09-3150 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE REQUEST TO FILE DOCUMENTS UNDER SEAL<br>**[Re Docket No. 75]** |

    Defendant Fluxion Biosciences, Inc. has filed an administrative request for leave to file under seal the declaration of Jeff Jensen and portions of Fluxion's reply brief in connection with its pending motion to stay, pursuant to Civil Local Rule 79-5. The request is not opposed. Having reviewed the request, however, only a portion of what defendant seeks to have filed under seal merits such treatment, and accordingly, the request is granted in part and denied in part.

    A request to seal must establish that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law. Civ. L. R. 79-5(a). The request must be narrowly tailored to seek sealing of only sealable material. *Id.* Much of what defendant seeks to have filed under seal does not meet this standard.

    With regard to the Jensen Declaration, defendant seeks to have the entire declaration and its attached exhibit filed under seal. The exhibit consists of slides from a presentation Mr. Jensen made

1  to plaintiffs, but nothing within the presentation appears to be confidential with the possible
2  exception of the fact that the presentation was made in the context of settlement discussions.  This,
3  however, is not a sufficient to justify sealing the exhibit.  Similarly, only portions of the Jensen
4  declaration appear to be confidential, specifically, page 3:18-22 ("Fluxion ... impose."); 3:25-27
5  (sentence commencing with "Based..."), and paragraph 14 in its entirety.

6      With regard to defendant's reply brief, the identified text at 1:18-19 and 3:16-18 does not
7  appear to be confidential.  That fact that settlement discussions have occurred and that
8  reexamination requests have been considered are simply not confidential.  To the contrary, the
9  parties themselves have revealed as much in their publicly filed Joint Case Management Conference
10 Statement.  The request to seal these portions of the reply brief is denied.

11     Nevertheless, the text corresponding to Section IV of the reply brief, from 8:18 to 9:8, does
12 appear to contain information sufficiently confidential to justify sealing.

13     Accordingly, defendant's administrative request to seal the declaration of Jeff Jensen and
14 portions of the reply brief is granted in part and denied in part, as set forth above.  Defendants may
15 file sealed documents in conformance with this order.

18 DATED:     7/22/10

RONALD M. WHYTE
United States District Judge