**E-FILED on** 7/26/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELLECTRICON AB and GYROS AB, | No. C-09-3150 RMW |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART MOTION TO STAY |
| FLUXION BIOSCIENCES, INC., | **[Re Docket No. 65]** |
| Defendant. | |

Defendant Fluxion Biosciences, Inc. moves to stay the litigation pending the USPTO's decision on requests for reexamination of the patents in suit. Plaintiffs oppose the motion. The court heard the motion on July 23, 2010, and having considered the papers submitted by the parties and the arguments at hearing, and for good cause appearing, defendant's motion is granted except that defendant is required to file and serve its invalidity contentions and provide the product accused of infringement for inspection if reasonably feasible.

Defendant has filed requests for reexamination of each of the four patents in suit. The USPTO is required to act on those requests within three months and defendant seeks a temporary stay of the litigation until such time as the PTO has acted on the reexamination requests. Defendant candidly admits that if the PTO agrees to reexamine any of the patents in suit, defendant will file another motion to stay pending completion of the reexamination proceedings. In the meantime,

defendant contends that the litigation should be temporarily stayed to save the parties and the court from what could be the unnecessary expenditure of resources. Plaintiffs disagree, however, arguing that the motion is premature since the PTO has not yet agreed to reexamine the patents. Plaintiffs also suggest that a stay is unwarranted and would be prejudicial to their rights to enforce the patents.

The court has discretion to stay a patent case pending reexamination. *Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). When determining the appropriateness of a stay pending reexamination, the court considers several factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Ultra Products, Inc. v. Antec, Inc.*, 201 U.S. Dist. LEXIS 50096, *3 (N.D. Cal. April 26, 2010); *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

The court concludes that a stay is warranted at this time for at least 90 days to allow the Director of the PTO to determine "whether a substantial new question of patentability" has been raised. *See* 35 U.S.C. §312(a). First, it does not appear that the relatively brief stay requested by defendant will impose an undue burden on plaintiffs, nor has discovery advanced significantly or a trial date been set. Although the PTO's decision whether "a substantial new question" has been raised will have no direct effect on the claims or issues in this litigation, it may provide more information on the likelihood that a final decision on any re-examination will impact the validity or scope of the patents. If the Director advises that "a substantial new question" has been raised, the court can evaluate the strength of that finding and make a decision on whether to stay the litigation further.

Another factor favoring a stay is the cost and resource savings that will result from staying the litigation if the patents are ultimately found to be invalid. Defendant apparently has limited resources. The short duration of any temporary stay will not delay plaintiffs significantly, unless the pending action by the PTO suggests a significant possibility that one or more of the patents will be modified in scope or declared invalid. Further, the initial action by the PTO may indicate the materiality of the new art that defendant claims invalidates.

ORDER GRANTING IN PART MOTION TO STAY—No. C-09-3150 RMW
TER                                                                                              2

1    The defendant has apparently carefully reviewed the patents, prepared claim charts and set forth its invalidity position in its re-examination requests.  Therefore, defendant should be able to provide the invalidity contentions under the Patent Local Rules without undue expense.  This would allow plaintiffs to review defendant's contentions during the period of the stay.  Similarly, defendant is to provide a sample of the accused product for plaintiffs' review if doing so is reasonably feasible.

The court will revisit the stay at a status conference to be held on October 8, 2010 at 10:30 a.m.  The parties shall file a joint status conference statement on or before October 1, 2010 to report on the status of the PTO's treatment of the reexamination requests and to address their respective positions with regard to whether the stay should be continued, lifted, or modified at that time.

DATED:    7/26/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART MOTION TO STAY—No. C-09-3150 RMW
TER                                                                       3