**E-FILED on** 4/25/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELLECTRICON AB and GYROS AB,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FLUXION BIOSCIENCES, INC.,<br><br>　　　　Defendant. | No. C-09-3150 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT STAY AND GRANTING MOTION TO SEVER<br>**[Re Docket Nos. 120, 139]** |

　　　Cellectricon AB and Gyros AB (collectively "plaintiffs") move to lift the temporary litigation stay that was entered in this matter on July 26, 2010. Dkt. No. 84. While defendant Fluxion Biosciences, Inc. ("Fluxion") opposes the motion to lift the stay, it has also made a cross motion to sever or, in the alternative, to bifurcate. The court heard the motions on March 24, 2011, and having considered the papers submitted by the parties and the arguments at the hearing, and for the reasons set forth, the court denies plaintiffs' motion to lift the stay as to the district court proceedings with respect to U.S. Patent Nos. 7,470,518 (the "'518 patent"), 7,390,650 (the "'650 patent") and 7,563,614 (the "'614 patent") and grants the motion to lift the stay as to U.S. Patent No. 5,376,252 and defendant's motion to sever that proceeding.

## I. BACKGROUND

Plaintiffs assert four patents: the '252 patent, the '518 patent, the patent '650 patent, and the '614 patent. On June 9, 2010, defendant filed *inter partes* reexamination requests for the '518, '650, and '614 patents and an *ex parte* reexamination request for the '252 patent with the United States Patent and Trademark Office ("PTO"). On August 9, 2010, the PTO issued office actions rejecting all the reexamined claims of the '650 and '518 patents. Dkt. Nos. 131-1 and 131-2. Shortly thereafter on August 18, 2010, the PTO affirmed the validity of the reexamined '614 patent claims. Dkt. No. 120-3. On January 4, 2011, the PTO found the reexamined claims of the '252 patent valid and patentable over the prior art submitted by defendant and gave notice of its intent to issue a reexamination certificate. Dkt. No. 120–4. The PTO's final decision regarding the '252 patent is not appealable. On January 6, 2011, the PTO issued a Right of Appeal Notice regarding the '614 patent. Dkt. No. 120-5. Defendant filed its notice of appeal regarding the '614 patent on February 2, 2011.

## II. ANALYSIS

### A.     Motion to Lift Stay

The court has discretion to stay a patent case pending reexamination. *Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). When determining the appropriateness of a stay pending reexamination, the court considers several factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set. *Ultra Products, Inc. v. Antec, Inc.*, 201 U.S. Dist. LEXIS 50096, at *3 (N.D. Cal. April 26, 2010); *In re Cygnus Telecom. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005).

The court finds that a temporary stay is still warranted with respect to the '518, '650, and '614 patents. Notably, both parties are small with relatively few employees and limited resources and proceeding with reexamination proceedings and district court litigation at the same time would subject the parties to unnecessary expense. *See* Dkt No. 81; Dkt. No. 120-10. Also, discovery has not started and no trial date has been set. And while a continuing stay will surely delay plaintiffs'

1  case, plaintiffs appear to have known about the potential infringement as early as 2004 yet delayed
2  in filing this action until 2009.  *See* Dkt. No. 132 at ¶¶ 2-5.

3  Most importantly, a temporary stay is likely to simplify the issues.  The PTO has initially
4  rejected the '518 patent claims while simultaneously upholding the reexamined '614 patent claims.
5  Notably, the '614 patent is the parent of the '518 patent, and they share a common specification.
6  Both patents also share a claim limitation requiring application of fluids through three or more
7  outlets.  In the '518 Office Action, the examiners determined that the U.S. Patent Publication No.
8  2002/0182627 by Wang et al. ("Wang") anticipates the claims at issue because Wang discloses
9  "multiple reagent channels feeding the portion of the channel where the biosensor is located."  Dkt.
10 No. 131-2 at 9.  Nine days later, the same examiners issued an Office Action in the '614 patent
11 reexamination.  But this time, the examiners confirmed the validity of the '614 patent claims, noting
12 that "[w]hile Wang does appear to teach sequential application of multiple fluids through a single
13 outlet, Wang does not clearly teach or suggest application through 3 or more outlets . . . ."  Dkt. No.
14 120-3 at 5.  In other words, the examiners appear to reach conflicting conclusions as to whether the
15 Wang prior art reference discloses "multiple outlets."  The parties note that briefing and Office
16 Actions in 2011 should clarify the inconsistency.  Although the court is generally reluctant to stay a
17 case because of the potential delay in obtaining a final resolution from the PTO or the Federal
18 Circuit, here, the court finds that there is a legitimate basis for temporarily staying the case to see
19 how the reexamination process will resolve the apparent conflict.  Therefore, the court denies
20 plaintiff's motion to lift the stay with respect to the '518, '650, and '614 patents.

21 **B.    Motion to Sever or to Bifurcate**

22 The reasons for maintaining the current litigation stay hold less are not convincing with
23 respect to the '252 patent.  Defendant argues that if the stay is to be lifted with respect to the '252
24 patent, the court should sever or bifurcate the other three patents in this dispute.  The "determination
25 of a Rule 21(b) motion involves the sound discretion of the trial court . . . ." *United States v. Testa*,
26 548 F.2d 847, 856 (9th Cir.1977).  *See also United States v. O'Neil*, 709 F.2d 361, 367 (5th
27 Cir.1983)) ("It is within the district court's broad discretion whether to sever a claim under Rule
28 21.").  "Application of Rule 21 involves consideration of convenience and fairness." *S.E.C. v. Leslie*,

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT STAY AND GRANTING MOTION TO SEVER—No.
C-09-3150 RMW
JLR                                                                 3

1  2010 WL 2991038, at *4 (citing *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d
2  Cir. 1974)).  A district court also has "broad discretion" in deciding whether to order separate trials
3  under Rule 42(b). *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir.2002). "Factors to be
4  considered when determining whether to bifurcate a trial include: avoiding prejudice, separability of
5  the issues, convenience, judicial economy, and reducing risk of confusion." *Bates v. United Parcel
6  Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001).  Here, defendant contends that the '252 patent is
7  vastly different from the other three patents-in-suit because it is under different ownership, addresses
8  different aspects of the apparatus at issue, involves different prior art and invalidity defenses, and it
9  is the only patent that might entitle plaintiffs to more than nominal damages.

10        On balance, the court finds that severing the '252 patent is warranted, especially given that
11  the '252 patent reexamination is complete and not subject to appeal.  The court also finds that the
12  '252 patent is substantially different from the other patents-in-suit.   To be sure, all of the claims at
13  issue relate to the microfluidic arts.  But while the '252 patent is directed to microfluidic plates with
14  microcavity or channel systems, the '650 patent is directed to systems and methods for stably
15  maintaining a cell in optimal contact with a cell-contacting surface of a sensor in a cell-based
16  biosensor through patch-clamping.  Along those same lines, the '614 and '518 patents pertain to a
17  method of rapidly changing the solution surrounding the captured cells.  The '518, '650, and '614
18  patents are asserted against defendant's IonFlux instrument–a high throughput ion channel patch
19  clamp instrument for use in drug discovery and development– while the '252 patent is asserted
20  against defendant's microfluidic plates used with the IonFlux instrument.  As defendant points out,
21  these different technologies will likely involve different invalidity defenses, damage calculations,
22  and infringement theories.  Moreover, the '252 patent is owned by Gyros AB and is licensed to
23  Cellectricon, whereas the other three patents are owned by Cellectricon.  This additional difference
24  will likely raise distinct issues regarding standing and ownership.  Accordingly, defendants motion
25  to sever is granted.  However, the court notes that some discovery with respect to the '252 patent
26  might overlap with the other three patents.  Therefore, discovery obtained with respect to the '252
27  action can later be used in the action involving the '518, '650, and '614 patents, if relevant.
28

### III. ORDER

1. For the foregoing reasons, the court grants the motion to lift the stay with respect to the '252 patent and denies the motion to lift the stay with respect to the '518, '650, and '614 patents.

2. The court also grants defendant's motion to sever the action related to the '252 patent. Discovery obtained with respect to the '252 action can later be used in the action involving the '518, '650, and '614 patents, if relevant.

3. The court will revisit the stay at a status conference to be held on July 29, 2011 at 10:30 a.m. The parties shall file a joint status conference statement on or before July 22, 2011 to report on the status of the PTO's treatment of the reexamination requests and to address their respective positions with regard to whether the stay should be continued, lifted, or modified at that time.

DATED: 04/25/2011

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO LIFT STAY AND GRANTING MOTION TO SEVER—No. C-09-3150 RMW
JLR
5