| | |
|---|---|
| David G. Conlin (*Pro Hac Vice*)<br>dconlin@eapdlaw.com<br>George W. Neuner (*Pro Hac Vice*)<br>gneuner@eapdlaw.com<br>Brian M. Gaff (SBN 202896)<br>bgaff@eapdlaw.com<br>EDWARDS ANGELL PALMER & DODGE LLP<br>111 Huntington Avenue<br>Boston, MA  02199-7613<br>Telephone No.: 617-239-0100<br>Fax No.: 617-227-4420 | Eric L. Wesenberg (SBN 139696)<br>ewesenberg@perkinscoie.com<br>Kenneth J. Halpern (SBN 187663)<br>khalpern@perkinscoie.com<br>Kaycie L. Wall (SBN 226027)<br>kwall@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>Telephone: 650-838-4300<br>Facsimile: 650-838-4350 |
| Neil A. Smith (Cal. Bar No. 63777)<br>nsmith@rmkb.com<br>ROPERS, MAJESKI, KOHN, & BENTLEY P.C.<br>50 W. San Fernando Street, Suite 1400<br>San Jose, CA  95113-2431<br>Telephone No.: 408-287-6262<br>Fax No.: 408-918-4501 | Jeffrey S. Love (SBN 195068)<br>jeffrey.love@klarquist.com<br>Deakin T. Lauer (Admitted *Pro Hac Vice*)<br>deakin.lauer@klarquist.com<br>Salumeh R. Loesch (Admitted *Pro Hac Vice*)<br>salumeh.loesch@klarquist.com<br>KLARQUIST SPARKMAN, LLP<br>121 S.W. Salmon Street, Suite 1600<br>Portland, OR 97204-2988<br>Telephone: 503-595-5300<br>Facsimile: 503-595-5301 |
| *Attorneys for Plaintiffs Cellectricon AB and Gyros AB* | *Attorneys for Defendant Fluxion Biosciences, Inc.* |

***E-FILED - 6/23/11***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CELLECTRICON AB and GYROS AB,<br><br>    Plaintiffs,<br><br>v.<br><br>FLUXION BIOSCIENCES, INC.,<br><br>    Defendant. | Civil Action No. 5:09-cv-03150-RMW<br><br>**JOINT STIPULATION AND [] ORDER REGARDING SEVERANCE OF CASE**<br><br><br>Honorable Ronald M. Whyte<br>United States District Judge |

Plaintiffs Cellectricon AB and Gyros AB ("Plaintiffs") and Defendant Fluxion Biosciences, Inc. ("Defendant") (collectively, "the Parties"), by and through their counsel of record, represent and stipulate the following:

WHEREAS on April 25, 2011 the Court issued an order (Doc. No. 151) ("Order") (i) granting in part and denying in part Plaintiffs' motion to lift the temporary stay, and (ii) granting Defendant's motion to sever a portion of the instant action;

WHEREAS the Parties have discussed the procedure to comply with the Order and, on June 9, 2011, conferred with the Court regarding that procedure;

WHEREAS the Parties have agreed, and the Court has approved that, in compliance with the Order, Plaintiff Cellectricon, as the assignee of U.S. Patent No. 5,376,252, will file a new complaint against Defendant Fluxion directed to Cellectricon's allegations of any infringement of that patent, and that the Court will open a new civil action with a new case number in connection with that complaint, with the new civil action designated as "related" to the instant action so as to be heard before the Honorable Ronald M. Whyte in San Jose;

WHEREAS because the new civil action will represent a severed portion of the instant action, Plaintiff Cellectricon would like the new civil action is to proceed seamlessly and without unnecessary delay from the point where the instant action currently stands;

WHEREAS Defendant's counsel of record agrees to accept service of the new complaint on behalf of Defendant Fluxion, that Fluxion shall answer or otherwise respond to the new complaint within twenty-one (21) days after service, and that Fluxion shall be permitted to present any defense in its answer or response that it would be entitled to present pursuant to Fed. R. Civ. P. 12, notwithstanding Fluxion's filings of responsive pleadings in the instant action;

WHEREAS all discovery and submissions in the instant action including, without limitation, all information and materials exchanged by the Parties pursuant to the Patent Local Rules, can be used in the new civil action, except that Cellectricon shall have the opportunity to serve Amended Infringement Contentions and additional associated documents pursuant to Patent L.R. 3-1 and 3-2 so as to be received by Fluxion's counsel on or before June 20, 2011, and Fluxion shall have the opportunity to serve Amended Invalidity Contentions and additional associated

1 documents pursuant to Patent L.R. 3-3 and 3-4 so as to be received by Cellectricon's counsel on or
2 before July 11, 2011;

3     WHEREAS discovery relevant to the issues in the new civil action may begin upon filing
4 of the new civil action and the assignment of the corresponding new case number and that such
5 discovery can be used in the instant action;

6     WHEREAS Plaintiff Gyros AB will be amenable to discovery in the new civil action as if
7 it were a party thereto and it will produce one Gyros AB employee pursuant to Rule 30(b)(1) and
8 one Gyros AB employee pursuant to Rule 30(b)(6) as witnesses for a deposition at the law offices
9 of Perkins Coie in Palo Alto, California, but Gyros AB's status as a third-party in the new civil
10 action shall not limit its ability to raise any objections to discovery therein as if it were a party
11 thereto;

12     WHEREAS the Parties will submit a joint proposed scheduling order for the new civil
13 action on or before July 22, 2011, such that any disagreements as to the terms therein may be
14 discussed with and resolved by the Court during the status conference in the instant action that is
15 currently scheduled for July 29, 2011 at 10:30 a.m.;

16     WHEREAS upon partial or complete lifting of the temporary stay in the instant action,
17 Plaintiffs will file an amended complaint in the instant action that omits the allegations of any
18 infringement of U.S. Patent No. 5,376,252 against Fluxion and, because Gyros AB has no
19 ownership interest in the patents remaining in the instant action (U.S. Pat. Nos. 7,470,518;
20 7,390,650; and 7,563,614), removes Gyros AB as Co-Plaintiff, thereby dismissing Gyros AB from
21 the instant action; and

22     WHEREAS the Parties agree that the severance of a portion of the instant action and filing
23 of the new civil action does not preclude the Court from lifting or maintaining the stay in the
24 instant action.

25 / / /
26 / / /
27 / / /
28 / / /

NOW, THEREFORE, the Parties hereby Stipulate and agree that the following Order should enter, and respectfully request that the Court approve this Stipulation as an Order of the Court:

1. That Plaintiff Cellectricon will file a new complaint against Defendant Fluxion directed to Cellectricon's allegations of any infringement of U.S. Patent No. 5,376,252;

2. That the Court will open a new civil action with a new case number in connection with that complaint, with the new civil action designated as "related" to the instant action so as to be heard before the Honorable Ronald M. Whyte in San Jose;

3. That Defendant's counsel of record shall accept service of the new complaint on behalf of Defendant Fluxion and, within twenty-one (21) days after service shall answer or otherwise respond to the new complaint, and shall be permitted to present any defense in its answer or response that it would be entitled to present pursuant to Fed. R. Civ. P. 12, notwithstanding Fluxion's filings of responsive pleadings in the instant action;

4. That all discovery and submissions in the instant action including, without limitation, all information and materials exchanged by the Parties pursuant to the Patent Local Rules, can be used in the new civil action;

5. That Cellectricon shall have the opportunity to serve Amended Infringement Contentions and additional associated documents pursuant to Patent L.R. 3-1 and 3-2 so as to be received by Fluxion's counsel on or before June 20, 2011, and Fluxion shall have the opportunity to serve Amended Invalidity Contentions and additional associated documents pursuant to Patent L.R. 3-3 and 3-4 so as to be received by Cellectricon's counsel on or before July 11, 2011;

6. That discovery relevant to the issues in the new civil action may begin upon filing of the new civil action and the assignment of the corresponding new case number and that such discovery can be used in the instant action;

7. That Plaintiff Gyros AB will be amenable to discovery in the new civil action as if it were a party thereto and it will produce one Gyros AB employee pursuant to Rule 30(b)(1) and one Gyros AB employee pursuant to Rule 30(b)(6) as witnesses for a deposition at the law offices of Perkins Coie in Palo Alto, California, but Gyros AB's status as a third-party in the new civil

1  action shall not limit its ability to raise any objections to discovery therein as if it were a party
2  thereto;
3      8.   That the Parties will submit a joint proposed scheduling order for the new civil
4  action on or before July 22, 2011, such that any disagreements as to the terms therein may be
5  discussed with and resolved by the Court during the status conference in the instant action that is
6  currently scheduled for July 29, 2011 at 10:30 a.m.; and
7      9.   That upon partial or complete lifting of the temporary stay in the instant action,
8  Plaintiffs will file an amended complaint in the instant action that omits the allegations of any
9  infringement of U.S. Patent No. 5,376,252 against Fluxion and removes Gyros AB as Co-Plaintiff,
10  thereby dismissing Gyros AB from the instant action.

IT IS SO STIPULATED.

Dated: June 17, 2011        David G. Conlin
                            George W. Neuner
                            Brian M. Gaff
                            EDWARDS ANGELL PALMER & DODGE LLP

Dated: June 17, 2011        Neil A. Smith
                            ROPERS, MAJESKI, KOHN, & BENTLEY P.C.

 /s/Brian M. Gaff
*Attorneys for Plaintiffs Cellectricon AB and Gyros AB*

Dated: June 17, 2011        Eric L. Wesenberg
                            Kenneth J. Halpern
                            Kaycie L. Wall
                            PERKINS COIE LLP

Dated: June 17, 2011        Jeffrey S. Love
                            Deakin T. Lauer
                            Salumeh R. Loesch
                            KLARQUIST SPARKMAN, LLP

 /s/Eric L. Wesenberg
*Attorneys for Defendant Fluxion Biosciences, Inc.*

**[] ORDER**

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: June __23__, 2011

_____Ronald M. Whyte_____
The Honorable Ronald M. Whyte
UNITED STATES DISTRICT JUDGE